IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| THE UNITED STATES OF AMERICA, | : : : | |
| Plaintiff, | : : | |
| v. | : : | |
| KEENAN GARETT SHELTON, *et al.* | : : : : : | CRIMINAL ACTION NO. 1:18-CR-00015-AT-JKL |
| Defendants. | : | |

## **ORDER**

Currently before the Court is the Magistrate Judge's Report and Recommendation ("R&R") (Doc. 129) concerning (1) Defendant Keith Garett Shelton's Motion to Suppress Evidence seized at his residence on June 29. 2016 (Doc. 85) and (2) Defendant's Motion to Disclose Confidential Informants (Doc. 87). The Magistrate Judge recommends that both motions be denied.

A district judge has broad discretion to accept, reject, or modify a magistrate judge's proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 680 (1980). Pursuant to 28 U.S.C. § 636(b)(1), the Court reviews any portion of the R&R that is the subject of a proper objection on a de novo basis and any non-objected portion on a "clearly erroneous" standard. The

Defendant has filed substantive objections to the Magistrate Judge's findings and recommendations as to each of the motions at issue. Accordingly, the Court has conducted a de novo review on the merits of each of the motions

Upon review of the R&R as well as Defendant's Motions to Suppress and objections, the Court finds that the Magistrate Judge properly analyzed the legal and evidentiary issues presented by Defendant Shelton. Accordingly, the Court adopts the R&R and its recommendation as to the denial of Defendant's Motion to Suppress (Doc. 85.)

Upon review of the R&R and Defendant's Motion to Disclose Confidential Informants, the Court finds that the Report's legal analysis is generally correct, but the Court somewhat differs in its evidentiary analysis. The Court finds that the Magistrate Judge drew too fine or semantic a line in his determination that the confidential informant was not associated with the criminal conduct that Defendant Shelton is charged with. The Magistrate Judge accurately states that Defendant Shelton is not charged with the specific drug transactions of June 2, 2016 and June 8, 2016. However, the Court agrees with Defendant that his drug possession/distribution charges directly flow from the confidential informant's engaging in drug transactions in the Defendant's house in the preceding weeks -- and in particular on these identified dates. Whether the Confidential Informant actually was in a position to observe and in turn testify that Defendant Shelton was merely present in the house and did not engage in the drug transactions

while in the house is a whole different question. At this juncture, the scope of the informant's knowledge and observations is merely speculative.

In *United States v. Gutierrez*, the Eleventh Circuit discussed that, in applying the Supreme Court's balancing test set forth in *Rovario*[1], courts should focus on three factors: "the extent of the [CI's] participation in the criminal activity, the directness of the relationship between the defendant's asserted defense and the probable testimony of the [CI], and the government's interest in nondisclosure." 931 F.2d 1482, 1490 (11th Cir. 1991)(quotation omitted). At this point, the record is insufficient for the Court to find that these factors weigh in favor of Defendant's request for disclosure, even if such disclosure is subject to seal.[2] However, the Court recognizes that given the CI's monitored transactions with other co-defendants in Defendant's house, evidence may potentially materialize that could affirmatively indicate the CI's capacity to offer relevant testimony concerning Defendant's "mere presence" in the North Avenue house -- as opposed to his undertaking an active role in the criminal scheme as charged.[3] Accordingly, the Court **DENIES WITHOUT PREJUDICE** Defendant Shelton's

---

[1] *United States v. Rovario*, 353 U.S. 53, 62 (1957).
[2] The Court notes additionally that Defendant does not suggest that the CI observed anything in connection with the use or presence of firearms in the house. Compare *U.S. v. Booker*, 131 F. App'x 234, 241 (11th Cir. 2005).
[3] The Court trusts that the Government has carefully reviewed CI related evidence and testimony for *Brady* disclosure purposes and that it will do so anew in light of this Order.

Motion to Disclose Confidential Informants, allowing renewal of the motion in the event of a material development in the evidence.[4]

In summary, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation (Doc. 129), subject to the modifications noted above. Defendant Shelton's Motion to Suppress (Doc. 85) is **DENIED** and his Motion to Disclose Confidential Informants (Doc. 87) is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED** this 6th day of December, 2018.

**AMY TOTENBERG**
**UNITED STATES DISTRICT JUDGE**

---

[4] If such additional evidence was actually presented, the Court would consider conducting an *in camera* hearing or review of evidence concerning the CI's knowledge and testimony, as the Court of Appeals required in *United States v. Rutherford*, 175 F.3d 899 (11th Cir. 1999).